IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Clay Golson, | C/A No.: 1:22-806-MBS-SVH |
| Plaintiff, | |
| v. | ORDER AND NOTICE |
| Elloree A. Ganes; Tammy Way; Joy Campbell; and Bryan Sterling, | |
| Defendants. | |

Eddie Clay Golson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging violations of his constitutional rights by Elloree A. Ganes, Tammy Way, Joy Campbell, and Bryan Sterling (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges Tammy Way failed to issue him legal mail and Joy Campbell opened his legal mail outside of his presence. [ECF No. 1 at 5]. He also alleges Elloree A. Ganes did not file a notice of removal. *Id.* He claims Defendants' actions violated his First, Fourth, and Fourteenth Amendment

rights. *Id.* at 4. He seeks to have his case reinstated and $300,000 in damages. *Id.* at 6.

A review of Plaintiff's prior cases reveals he sued Way, Campbell, and Sterling in 2019, and Ganes served as defense counsel. *See Golson v. Campbell*, C/A No. 1:19-2477-MBS-SVH ("*Golson I*"). The case was dismissed for failure to prosecute when Plaintiff failed to respond to Defendants' motion to dismiss. *Golson I* at ECF No. 22.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  Res Judicata

"The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citations omitted).

The following three elements must be met for claim preclusion to apply: "(1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the

earlier proceeding." *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citing *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)).

Here, Plaintiff's claims brought in this suit are barred by claim preclusion. First, *Golson I* was dismissed with prejudice for Plaintiff's failure to prosecute. Under the Federal Rules of Civil Procedure and this court's precedent, the dismissal operates as an adjudication on the merits with preclusive effect. Fed. R. Civ. P. 41(b) states that if a plaintiff fails to prosecute or comply with these rules or a court order, a dismissal under this rule operates as an adjudication on the merits. *See also Orca Yachts, L.L.C.*, 287 F.3d at 319.

Second, in both *Golson I* and the instant case, Plaintiff has sued Way, Campbell, and Sterling. Thus, the parties are identical. In the instant case, Plaintiff has additionally sued SCDC. Although he has separately sued Ganes, the claims against Ganes are distinct from those against Way, Campbell, and Sterling, and are addressed below.

Third, Plaintiff's current claims against Way, Campbell, and Sterling arise out of the same occurrence that was the subject of *Golson I*, as he again complains that Way withheld mail from him on February 7, 2019. *Cf.*, *Golson I* at ECF No. 1-1 at 5 and page 5 of the instant complaint. He similarly alleges in both actions that Campbell opened mail outside of his presence. *Id.* Even if Plaintiff's claims are now based on alleged constitutional violations, whereas Golson I included negligence-based claims, "[t]he identity of the subject matter

5

of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief." *James*, 2014 WL 2612487, at *5 (D.S.C. June 9, 2014) (citing *Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106, 109–10 (S.C. 1999)). Plaintiff's claims in this action arise from the same set of facts that gave rise to his claims in *Golson I*, and the claims presented in this action against Way, Campbell, and Sterling existed at the time of *Golson I*. *See, e.g., In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

        2.       Insufficient Facts Against Ganes

Plaintiff alleges Ganes failed to file a notice of removal. [ECF No. 1 at 5]. First, the docket in *Golson I* reveals Ganes filed a notice of removal on August 30, 2019, and filed a certificate of service indicating a copy was served on Plaintiff. *Golson I* at ECF No. 1. Further, even if Ganes had failed to file a notice of removal, it does not support an independent claim against Ganes. A private attorney, whether retained or appointed, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Therefore, Ganes is also subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **April 12, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

March 22, 2022                                        Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge