IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eddie Clay Golson, ) | C/A No. 1:22-cv-00806-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Elloree A. Ganes, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Eddie Clay Golson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Shiva V. Hodges for initial review pursuant to 28 U.S.C. § 1915. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation for summary dismissal of the amended complaint.

The Magistrate Judge notes that a review of Plaintiff's prior cases reflects he sued Tammy Way, Joy Campbell, and Bryan Sterling in 2019 and that Defendant Elloree A. Ganes served as defense counsel. ECF No. 13 at 1 n.1 (citing *Golson v. Campbell*, C/A No. 1:19-2477-MBS-SVH ("Golson I")). The court dismissed that case for failure to prosecute when Plaintiff failed to respond to Defendants' motion to dismiss. *Id.* In initiating the present action, Plaintiff alleged that Tammy Way failed to issue him legal mail, Joy Campbell opened his legal mail outside of his presence, and Defendant Ganes "did not file a notice of removal." ECF No. 1 at 5.

The Magistrate Judge reviewed Plaintiff's original complaint pursuant to § 1915 and in a detailed order notified Plaintiff that sections of the pleading were subject to summary dismissal

for failure to state a claim. ECF No. 8. The Magistrate Judge granted Plaintiff an opportunity to cure the deficiencies and, on April 11, 2022, Plaintiff filed an amended complaint in which he named Elloree A. Ganes as the sole Defendant. ECF No. 10.

On April 14, 2022, the Magistrate Judge issued a Report and Recommendation in which she found that the docket in *Golson I* reflects that Defendant Ganes in fact filed a notice of removal on August 30, 2019, and filed a certificate of service indicating a copy was served on Plaintiff. ECF No. 13 at 4 (citing *Golson I* at ECF No. 1). Furthermore, the Magistrate Judge found, Plaintiff's contention does not support an independent claim against Defendant Ganes because Defendant Ganes, serving as a private attorney, did not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981)). Accordingly, the Magistrate Judge recommends the court summarily dismiss this action with prejudice.[1]

Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation. ECF No. 13 at 5. On May 2, 2022, Plaintiff filed a one-paragraph objection, in which he asserts, "[e]ven if Plaintiff failed to prosecute or respond to defendants' motion to dismiss, the United States District Court for the District of South Carolina do not have jurisdiction over Plaintiff state case #2019CP-08-1862," and that, "[u]nder the federal law it is mandatory that under section 28 U.S.C.A. 1446(A)(b) and (d) to effectuate the notice of remove and the magistrate judge order is invalid." ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1] The court adopts the Magistrate Judge's summary of the applicable legal standards herein without recitation.

has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court treats Plaintiff's objection as general and conclusory. Nonetheless, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 13, is incorporated herein by reference. The action is summarily dismissed without prejudice and without service of process.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

May 26, 2022
Charleston, South Carolina

3